**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **SWAN PACKAGING, INC.,** § | |
| **Plaintiff,** § | |
| v. § | |
| § | **A-24-CV-882-RP** |
| **BEER NUTS, INC.,** § | |
| **Defendant.** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff's Motion for Default Judgment (Dkt. 11).[1] After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned recommends the District Judge grant the motion.

**I.  BACKGROUND**

Plaintiff Swan Packaging, Inc. ("Swan") brought this breach of contract action under 28 U.S.C. § 1332 against Defendant Beer Nuts, Inc. ("Beer Nuts") to recover damages. Dkt. 1 ¶¶ 2, 3, 12. Beer Nuts was served,[2] Dkt. 6, but it has not answered. At Swan's request, the Clerk's Office entered default against Beer Nuts. Dkts. 9, 10. Swan now moves for entry of default judgment seeking $75,718.39 for the amount owed to Swan per the contract between the parties, and at least $7,960.25 in attorneys' fees and court costs. Dkt. 9-1 ¶ 12; Dkt. 9-2 at 4. Swan further "respectfully

---

[1] The motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order dated November 5, 2024.

[2] Service of Process was served on Chris Bickett, the purchasing agent and CFO/COO of Beer Nuts. Dkt. 6; Dkt. 1 ¶¶ 8–9.

1

requests this Court to enter a permanent injunction enjoining Defendant and to enter judgment in a monetary amount to be determined by the Court." Dkt. 11 at 1.[3]

## II. STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2). In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A

---

[3] Swan fails to plead any facts showing the necessity of a permanent injunction—or even mention its request again. *See* Dkt. 11. Accordingly, the undersigned does not address a permanent injunction in the scope of Swan's relief.

court must accept pleaded facts as true, but it must also determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at 1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit*

*Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Finally, the court determines what form of relief, if any, the plaintiff should receive. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3. While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**III.   ANALYSIS**

Beer Nuts is a corporation organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois, Dkt. 1 ¶ 2, and is therefore not a minor, incompetent person, or in military service. The Clerk of Court has entered default against Beer Nuts. Dkt. 10. Accordingly, the undersigned finds default is proper as to Beer Nuts.

Default Judgment is procedurally warranted for the following reasons. *See Lindsey*, 161 F.3d at 893. No material issues of fact are at issue because Beer Nuts has not appeared or disputed them. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3. Swan has alleged substantial prejudice through monetary harm. Dkt. 11 at 3. Grounds for default have been clearly established, *id.* at 2–4, and there is no evidence that Beer Nuts' silence is the result of a good faith mistake or excusable neglect. *Id.* at 3 ("On several occasions, [Swan] was assured by Beer Nuts that payment was

forthcoming."); Dkt. 9-2 at 2 ("Despite the demand letter sent to Beer Nuts for the non-payment and several attempts over the course of half a year, Defendant failed to pay any amount to Plaintiff to date."); *see* Dkt. 6. Any potential harshness of a default judgment is mitigated by Beer Nuts having had every opportunity to make an appearance or pay Swan since April 2024. Dkt. 1 at 3–4. Finally, this is a breach of contract claim with easily calculable damages, so it does not appear that "the court would feel obligated to set aside a default on the defendant's motion." Dkt. 29 ¶ 23; *Lindsey,* 161 F.3d at 893.

Taking all well-pleaded facts as true, Swan has stated viable claims against Beer Nuts. To prevail on a breach of contract claim, Swan must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). First, Swan alleges the parties entered into a valid contract whereby Swan would provide Beer Nuts with packaging under Invoice No. 12162 for the amount of $75,718.39. Dkt. 1 ¶ 17. In support, Swan provides the Pre-Press Approval Form, which states it is "a binding agreement that what is on this proof is what you want printed" and is signed, approved, and dated by Chris Bickett. Dkt. 9-1 at 9, Ex. A-3 at 2. Second, Swan alleges it fully performed under the contract by "providing all packaging ordered and in accordance with the terms of the purchase order and that Beer Nuts approved prior to its completion." Dkt. 1 ¶ 20. Third, Swan provided an invoice to Beer Nuts on March 5, 2023, with payment due no later than April 4, 2023, but Swan has not recovered the amount due under the invoice—$75,718.39. *Id.* ¶¶ 19, 21. Fourth, Swan has been injured by Beer Nuts' failure to perform and pay the amount due after Swan performed and invested into the contract. *Id.* ¶ 22; Dkt. 9-2 at

5

1. Swan's factual allegations and the record before the undersigned are enough to raise its right to relief above a speculative level as to its breach of contract claim against Beer Nuts. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is warranted.

Swan further pleaded claims for quantum meruit and unjust enrichment, in the alternative to breach of contract. Dkt. 1 at 5–6. The court does not find it necessary to reach these claims.

Next, it is necessary to address Swan's damages. Swan asks for $75,718.39, the amount owed under Invoice No. 12162 that Beer Nuts did not pay. Dkt. 11 at 3; Dkt. 9-1 at 10, Ex. A-4. This figure is both calculable by reference to the pleadings and supporting documents and reasonable under Texas contract law. *James*, 6 F.3d at 310; *Balfour Beatty Rail, Inc. v. Kansas City S. R.R. Co.*, 173 F. Supp. 3d 363, 395 (N.D. Tex. 2016) ("[T]he normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure.").

Swan further seeks its attorney's fees and costs. Texas law provides that a prevailing party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003. Swan requests $7,468.75 in attorneys' fees and an additional $491.50 in costs. Dkt. 9-2 at 3. It supports its request with an affidavit from its counsel attesting to the reasonableness of the fees requested, a statement of the hours its attorneys billed, and a statement of related costs. *Id.* The undersigned is satisfied that the claimed amount is reasonable and recommends awarding $7,960.25 in fees and costs.

Finally, Swan seeks "[p]re- and post-judgment interest on the judgment at the highest rate allowed by law." Dkt. 1 at 7. State law governs the award of prejudgment interest in diversity cases. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). While no

statute governs the award of prejudgment interest for breach-of-contract cases, equitable prejudgment interest is available "as a matter of course." *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020) (stating that statutory prejudgment interest applies only in cases of wrongful death, personal injury, property damage, and condemnation); see TEX. FIN. CODE §§ 304.102, 304.201. District courts may only exercise their discretion to forgo an award of prejudgment interest when there are "exceptional circumstances." *Id.* There are no exceptional circumstances that counsel against awarding prejudgment interest here. Thus, the undersigned recommends that Swan be awarded prejudgment interest at the prime rate established by the Federal Reserve from the date Swan initiated this action until the day preceding the date the District Judge enters final judgment. Furthermore, federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, federal law provides that "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, Swan should receive post-judgment interest on the entire amount of the final judgment as calculated pursuant to § 1961.

## IV.  RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Dkt. 11) be **GRANTED**.

Specifically, the undersigned recommends judgment be entered in favor of Swan against Beer Nuts in the amount of $75,718.39. The undersigned further recommends attorneys' fees and costs be awarded to Swan in the amount of $7,960.25. Swan should also be awarded prejudgment and post-judgment interest as described above.

The referral of this case should now be **CANCELED**.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED February 10, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE